NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **RACHEL B.,** | : | Civil Action Nos. |
| | : | 14-CV-01153 (CCC) (CLW) |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,** | : | **OPINION AND ORDER** |
| | : | |
| **Defendant.** | : | |

**WALDOR, United States Magistrate Judge**

This matter comes before the Court upon a motion by Movant New Jersey Department of Banking and Insurance ("Department"), to quash the subpoena Plaintiff, Rachel B., served upon non-party HMSPermedion, Inc. ("Permedion"). For the reasons set forth below, the Court denies Movant's motion.

**I.      Background**

On February 21, 2014, Plaintiff filed suit against Defendant, Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), for recovery of benefits under 19 U.S.C. §1132(a)(1)(B) (Complaint, ECF No. 1). Plaintiff, Rachel B., has a history of mental illness, including an eating disorder, depression, anxiety, and ADHA. On April 4, 2013 Rachel was admitted to Oliver-Pyatt Center ("Oliver-Pyatt"), for partial hospitalization of her eating disorder and other related mental health illnesses. (Compl. at ¶12). Plaintiff's medical expenses were covered through April 29, 2016. She was not released from Oliver Pyatt until June 25, 2013. (Compl. at ¶17). Defendant,

1

Horizon is the insurer of Plaintiff's mental health benefits and Magellan Behavioral Health ("Magellan") is the administrator of that insurance plan. (Compl. at ¶3). Oliver-Pyatt appealed the denial of Rachel's benefits to Magellan and when that was denied, submitted a second level appeal to Horizon that was also denied on May 3, 2013. (Compl. at ¶17-21).

The New Jersey Independent Health Care Appeals Program ("IHCAP") allows individuals to appeal denials of payment by their health benefits plan to the New Jersey Department of Banking and Insurance ("Department"). (Brief, at 2 (ECF No. 29)). Any decision as to benefit determinations made pursuant to IHCAP are binding on both parties. Plaintiff submitted an external appeal application to the Department on May 6, 2013. (Brief, at 2). Her appeal was referred to Permedion, an independent review organization used by IHCAP and Permedion denied Rachel's appeal on May 8, 2013. (Brief, at 5). When Rachel was discharged on June 25, 2016 she had $80,000 in uncovered medical expenses. (Compl. at ¶22). Rachel filed suit in the District of New Jersey on February 21, 2014 to compel Horizon to pay for her treatment. (Compl. at ¶6).

On May 3, 2016 Plaintiff subpoenaed Permedion for "all documents regarding [Plaintiff`s] claim and/or appeal with [Horizon] . . . [including, but not limited to], all medical reviews, correspondence, invoices, and identification of medical reviewers by name." (Brief, at 2-3). In response, the Department filed the instant Motion to Quash the third-party subpoena that is now before this Court. (ECF No. 29).

The Department argues the information sought by Plaintiff is not discoverable pursuant to the confidentiality mandate of the New Jersey Health Care Quality Act (N.J.S.A. 26:2S-12f). The confidentiality mandate indicates:

> "The covered person's medical records provided to the Independent Health Care Appeals Program and the independent utilization review organization and the findings and recommendations of the organization made pursuant to this act are confidential and shall be used only by the department, the organization and the affected carrier for the purposes

of this act. The medical records and findings and recommendations shall not otherwise be divulged or made public so as to disclose the identity of any person to whom they relate, and shall not be included under materials available to public inspection pursuant to P.L.1963, c.73 (C.47:1A-1 et seq.)." (N.J.S.A. 26:2S-12f).

Plaintiff maintains that this provision of the Health Care Quality Act is preempted by the federal statute on the Employee Retirement Income Security Program (ERISA), 29 C.F.R. § 2560.503-1. ERISA requires every employee benefit plan to establish procedures for a claimant "to appeal an adverse benefit determination" to ensure there is a "full and fair review of the claim." 29 C.F.R. § 2560.503-1(h)(1).

A full and fair review includes providing a claimant "reasonable access to, and copies of, all documents, records, and other information *relevant* to the claimant`s claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). A document or record will be considered relevant if it was "relied upon in making the benefit determination; [or] was submitted, considered, or generated in the course of making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8). Full and fair review also includes identifying "medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination." 29 C.F.R. § 2560.503-1(h)(3)(iv). Based on these provisions of the federal statute Plaintiff argues she is entitled to subpoena Permedion for documents and identification of the medical reviewers involved in making her benefit determination.

**II.   Discussion**

The present motion raises two relevant questions: (1) what is the meaning of the confidentiality provision in the New Jersey Health Care Quality Act statute; and (2) does ERISA preempt the New Jersey statute, making any confidentiality provision that conflicts with ERISA unenforceable?

### a. New Jersey Health Care Quality Act Confidentiality Provision

As the Department acknowledges, "the confidentiality provision of N.J.S.A. 26:2S-12f has never been the subject of a court's decision." (Brief, at 6). The Third Circuit in *Lomando v. United States*, 667 F.3d 363 (3d Cir. 2011), indicated the analysis of a statute should begin with the "plain language of the statute." *Id*. at 385. "If the statute suggests more than one interpretation, the broader legislative scheme, its history, and relevant sponsor statements" may inform the Court's interpretation. *Id*. at 385. The "legislature's intent is the paramount goal when interpreting a statute" and a court should look past the plain meaning of a statute if "it produces a result demonstrably at odds with the intentions of its drafters." *Lomando*, 667 F.3d at 386; *Lloyd v. HOVENSA, LLC.*, 369 F.3d 263, 270 (3d Cir. 2004) (internal quotations omitted).

The second sentence of the confidentiality provision in the Health Care Quality Act[1] cites to the New Jersey Open Public Records Act (N.J.S.A. 47:1A-1). The Open Public Records Act memorializes the responsibility a public agency has to "safeguard from public access a citizen's personal information with which it has been entrusted when disclosure thereof would violate the citizen's reasonable expectation of privacy." This reference to the Open Public Records Act supports a reading of the confidentiality provision that accounts for the intention of the New Jersey legislature to protect the privacy concerns of plan participants. An interpretation of the statute that restricts an individual from accessing information used in assessing her benefit's claim would run contrary to this purpose. The record is not adequately developed for this Court to conclusively determine the legislature's true intent, but there is reason to believe the Department's proposed

---

[1] "The medical records and findings and recommendations shall not otherwise be divulged or made public so as to disclose the identity of any person to whom they relate, and shall not be included under materials available to public inspection pursuant to P.L.1963, c.73 (C.47:1A-1 et seq.)." (N.J.S.A. 26:2S-12f).

reading of the statute would produce a result "at odds with the intentions of its drafters." *Lloyd*, 369 F.3d at 270.

### b. ERISA Preemption

Even if the Health Care Quality Act's confidentiality provision is read to preclude the participant from accessing her administrative file it will be preempted by ERISA. Section 1144(a) indicates ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144. The Supreme Court has characterized this preemption clause as "broad" and "sweeping." *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 146 n.23 (1985). ERISA does have an "insurance saving clause," to ensure individuals are not exempt from state laws that regulate insurance. 29 U.S.C. § 1144(b)(2)(A). But, the statute is clear that if a state law "prevents the application of a requirement of" ERISA it is preempted. 29 C.F.R. § 2560.503-1.

As agreed to by the parties, the trier of fact in this case will be assessing whether Horizon's decision to deny benefits was "arbitrary and capricious." (*See* ECF No. 18). Under the Independent Health Care Appeals Program, Horizon is required to comply with the final decision of the independent utilization review organization, Permedion. In its May 9 letter to Plaintiff, Horizon confirmed it intention to comply with Permedion's decision to deny coverage. (ECF No. 34-2).

When applying the arbitrary and capricious standard to determine if a plan participant was afforded a full and fair review, the Third Circuit ruled the "documents that Permedion reviewed during the external appeal of [Plaintiff's] benefits denial" are part of the record to be reviewed by the District Court. *Mirsky v. Horizon Blue Cross & Blue Shield of New Jersey*, 586 F. App'x 893, 895 (3d Cir. 2014). "Although Permedion's review was conducted by an external body . . . the

external review was part of Horizon's clearly articulated review process, and evidence introduced during that appeal was therefore part of the record." *Id*. at 895 (internal quotations omitted). Specifically, "the external review was the last appeal conducted prior to the filing of [the District Court] action, [so] information considered during that review was properly before the District Court." *Id*. at 895 – 896.

The Department attempts to distinguish *Mirsky* by the fact that there was new information provided to Permedion at the time of the external appeal. The Third Circuit places little weight in this fact when determining Permedion's files are part of the administrative record. Rather, like in this case, the concern is determining if the claimant was afforded a full and fair benefits review as outlined by ERISA. The Department contends that disclosure of the medical reviewer's name would discourage medical professionals from participating in the program. ERISA specifically calls for identification of medical reviewers. The claimant's interests and the primacy of the federal legislature in protecting those interests outweigh any concerns about a "chilling effect." (Reply Brief, at 7).

### III. Conclusion

To assess whether Plaintiff's claim was granted full and fair review, the trier of fact will review the administrative record of her claim. If the confidential mandate of the New Jersey Health Care Quality Act is read to prevent Plaintiff from accessing her complete record, it will directly conflict with the rights granted by ERISA regarding a full and fair review. The provision will be preempted by ERISA and Plaintiff will be permitted to examine the documents. Alternatively, a reading of the Health Care Quality Act that takes into account the drafters intention to protect the privacy interests of the plan participant will afford Plaintiff access to the documents in question.

For the foregoing reasons, Plaintiff is entitled to the requested documents. Movant's motion to quash the subpoena Plaintiff served upon Permedion is denied.

**IV. Order**

**ACCORDINGLY, IT IS** on this 30th day of September, 2016,

**ORDERED** that the New Jersey Department of Banking and Insurance's motion to quash Plaintiff's subpoena served on Permedion is **DENIED**;

**ORDERED** Permedion shall produce the documents requested by October 21, 2016; and

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 29.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**